IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GARY TYRONE WRIGHT,         :
AIS 203169,
                            :
    Petitioner,
                            :
vs.                                      CA 06-0739-WS-C
                            :
JERRY FERRELL,
                            :
    Respondent.

**REPORT AND RECOMMENDATION**

    Gary Tyrone Wright, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitation provision contained in 28 U.S.C. § 2244(d).

**FINDINGS OF FACT**

    1.    Wright was convicted in the Circuit Court of Mobile County, Alabama on September 16, 2002 of first-degree kidnaping. (Doc. 1, p. 3) He

was sentenced to life in prison. (*Id.*) Wright appealed his conviction and sentence by filing a notice of appeal with the Alabama Court of Criminal Appeals on October 22, 2002. (Doc. 13, Exhibit A, p. 2)[1]  The appellate court affirmed Wright's conviction and sentence on September 19, 2003 (Doc. 12, Exhibit D) and denied his application for rehearing on October 10, 2003 (Exhibit E).  A petition for certiorari review by the Supreme Court of Alabama was denied on January 16, 2004 (Exhibit F) and a certificate of judgment of affirmance was entered on the same date (Exhibit G).  Wright did not seek certiorari review in the United States Supreme Court.

2. On January 18, 2005, Wright filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama, collaterally attacking his convictions and sentences. (Exhibit A) The trial court summarily dismissed the Rule 32 petition as time barred and that decision was affirmed on appeal on October 21, 2005 (Exhibits H & I).  A certificate of judgment was entered on November 9, 2005 by the Alabama Court of Criminal Appeals (Exhibit I) without any attempt by petitioner to appeal that decision to the Alabama Supreme Court.

---

[1] All references to exhibits are to those attached to respondent's Answer and Supplemental Answer which were filed on February 9, 2007 (Doc. 12) and February 12, 2007 (Doc. 13) respectively.  Exhibit A is attached to Doc. 13 and Exhibits B-I are attached to Doc. 12.

3. The federal habeas petition was filed on October 31, 2006 and contains three grounds for relief:

    a. Ineffective assistance of counsel raised for the first time in the Rule 32 petition;

    b. Insufficient evidence to convict on first degree kidnaping that was raised on direct appeal; and

    c. Pretrial discovery violations and/or improper conduct of the prosecutor that has never been raised in state court.

Doc. 1, pp. 7-9.[2]

4. The one-year statute of limitations for filing a federal habeas petition started to run on April 17, 2004, ninety days after the state direct appeal became final on January 16, 2004. The running of the statute of limitations was not tolled by the filing of a Rule 32 petition on January 18, 2005, which means that the one-year statutory period expired on April 18, 2005. The federal habeas petition was filed more than one year and five months later, on October 31, 2006.

---

[2] Wright's first and third grounds were, by his own admission, not raised to the highest state court. He did not appeal the affirmance by the Alabama Court of Criminal Appeals of the lower court's summary dismissal of his Rule 32 petition and the last claim was not raised at all. Since his petition is so clearly time barred, no discussion of exhaustion or procedural default issues was considered necessary.

## CONCLUSIONS OF LAW

1.      The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254.  *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998) *cert. denied sub nom. Wilcox v. Moore*, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  2. Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and therefore, the timeliness of Wright's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his convictions became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Wright's conviction became final in 2004.

  3. Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" On direct appeal, final judgment was entered by the Supreme Court of Alabama on January 16, 2004. For purposes of the one-year statute of

limitations, however, it was final 90 days later, on April 17, 2004. *See Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006)(If a petition for certiorari is not filed with the United States Supreme Court, the prisoner's conviction becomes final when the time for filing that petition expires.)(citing *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir.2002)).

    4.    A state post-conviction petition was filed by Wright during the federal limitations period but was not timely filed pursuant to Alabama's Rules of Criminal Procedure. (Exhibit H)("In his brief, Wright confirms that he filed his Rule 32 petition on January 18, 2005, and conceded that it was filed 2 days past the 1-year statute of limitation period set out in Rule 32.2(c), Ala. R. [Crim.] P., ... .") Untimely post-conviction petitions such as Wright's are not "properly filed" pursuant to 28 U.S.C. § 2244(d)(2). *Sweet v. Secretary, Dept. of Corrections*, 467 F.3d 1311, 1316 (11th Cir. 2006)("Recently, the Supreme Court squarely addressed the question it left open in *Artuz*. In *Pace v. DiGuglielmo*, the Court held that a state post-conviction petition rejected by the state court as being untimely under state law is not "properly filed" within the meaning of AEDPA's. 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Therefore, Wright is not entitled to any statutory tolling.

    5.    Wright filed a response to the answer on February 21, 2007

(Doc. 14) but makes no specific argument that the statute of limitations contained in 28 U.S.C. § 2244(d)(1) should not bar his petition since equitable tolling principles apply. Nevertheless, this Court considers whether it should excuse the untimeliness of the filing of the petition in accordance with principles of equitable tolling.

      6.      Decisions of the Eleventh Circuit have clearly embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted).  In other words, there must be evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time.  *See Miller v. New Jersey State Dept. of*

*Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998).

    7.    Petitioner has failed to establish either that the instant habeas corpus petition was timely filed or that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. Wright's argument in favor of equitable tolling is that the issues he raised were "'fact' jurisdictional issues" that were not known to him until after a transcript of the trial was completed and provided to him at some undisclosed point in time

after his conviction was affirmed. He fails to provide a date the transcript was produced or why it was not produced earlier.[3] Petitioner makes no argument that he was ignorant of the one-year limitations period or that he failed to file in time. His four-page "CROSS-ANSWER" is primarily devoted to the propositions that the state courts improperly admitted evidence during his trial, that law enforcement officers violated his due process rights and that the Alabama Court of Criminal Appeals has ignored his argument that he could raise the issues presented in his Rule 32 petition at any time because they are "jurisdictional issues."[4] It is significant to note that the rambling response makes no reference to any authority that would permit tolling of the applicable statute of limitations. Accordingly, it is determined that nothing other than petitioner's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year

---

[3] It is clear that two of the three issues were raised at least by the filing of the Rule 32 petition on January 18, 2005. Wright had raised one on direct appeal and the second, ineffective assistance of counsel, in his Rule 32 petition. No reason has been shown as to why the third claim of *Brady/Giglio* violations was not presented to the state courts before it was included in the petition filed pursuant to 28 U.S.C. § 2254. It is not logical to think that Wright and his lawyer would not have realized that the "evidence and testimony of alleged witnesses [was] contrary to discovery disclosure" (Doc. 1, p.8) during the trial or shortly after trial.

[4] Petitioner's motion to require the respondent to file an amended answer, embedded in his response (Doc. 14, p. 1), is **DENIED**.

limitations period.

8. Because petitioner did not file his habeas corpus petition until October 31, 2006, more than one year and five months after the one-year limitations period expired, this petition is due to be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

## **CONCLUSION**

The Magistrate Judge recommends that the instant petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 16th day of August, 2007.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.       *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                             s/WILLIAM E. CASSADY
                                                             UNITED STATES MAGISTRATE JUDGE

11